Filed 10/4/13  In re A.H. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re A.H., A Person Coming Under the Juvenile Court Law. | B245679 |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>A.H.,<br><br>    Defendant and Appellant. | (Los Angeles County Super. Ct. No. JJ19710) |

APPEAL from an order of the Superior Court of Los Angeles County, Charles R. Scarlett, Judge.  Affirmed.

Adrian K. Panton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

In the underlying proceeding, the juvenile court sustained a petition charging appellant A.H. with three counts of assault by means likely to produce great bodily injury. Appellant's court-appointed counsel has filed an opening brief raising no issues. Following our independent examination of the entire record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we conclude that no arguable issues exist, and affirm.

## RELEVANT PROCEDURAL BACKGROUND

On September 20, 2012, a petition was filed under Welfare and Institutions Code section 602, charging appellant, a minor born in 1994, with robbery (Pen. Code, § 211), attempted robbery (Pen. Code, §§ 221, 664), and assault by means likely to produce great bodily injury on Joshua C., Armando T., and Antonio V. (Pen. Code, § 245, subd. (a)(4)). Following the presentation of evidence at the adjudication hearing, the juvenile court dismissed the robbery and attempted robbery allegations, sustained the allegations regarding the three counts of assault by means likely to produce great bodily injury, and determined the offenses to be felonies. The juvenile court declared appellant to be a ward of the court and ordered him placed in his home on probation. This appeal followed.

## FACTS

A. *Prosecution Evidence*

On March 20, 2012, at approximately 3:30 p.m., Joshua C., Armando T., and Antonio V. left their high school to go together to a hamburger stand. Armando and Antonio walked while Joshua rode a bicycle. Armando had a dark blue backpack. A group of six to ten black youths approached them and asked

2

whether they were in a gang. Joshua and his friends replied that they were not gang members.

Joshua testified that two members of the group tried to "pocket check" Armando, that is, insert their hands in his pockets to search for valuables. Armando "smacked" one of them, and both punched Armando in response. When Joshua jumped off his bicycle to help Armando, two members of the group began to fight with Joshua. Joshua soon saw someone take his bicycle. He tried to recover it, but was punched and kicked by several people.

After the fight ended, the assailants walked away with Joshua's bicycle. In an effort to recover the bicycle, he followed them, but they challenged him to fight for it. Because Joshua's wrist was badly injured, he retreated. After the fight, he discovered that his wrist was fractured.

After the incident, Joshua identified appellant in a photographic lineup as present during the fight. During the adjudication hearing, he was unable to identify appellant as one of the persons who hit him or the person who took his bicycle. Joshua nonetheless testified that appellant was involved in the fight, stating, "I am sure [appellant] was there." He further stated, "There was no one standing to the side to view [the fight]. They were all participating."

Armando testified that one of the assailants "pocket checked" him. When Armando smacked his hand, the person punched him, leaving him dazed. Other members of the group joined in the fight, pushed Armando to the ground, and kicked his face, chipping his tooth. Armando was unable to identify appellant as one of his assailants.

Antonio testified that after members of the group slapped Armando's pocket, they punched Armando, and then attacked Antonio. As result of the fight, Antonio suffered an eye injury. He was unable to identify any of the attackers.

3

Los Angeles Police Department Officer Iris Romero testified that after the attack, Joshua identified appellant as one of his attackers in a photographic lineup. Romero advised appellant of his *Miranda* rights and interviewed him regarding the incident.[1]  Appellant stated that on March 20, 2012, he left high school and walked to visit his grandmother.  When he and his companions heard derogatory remarks from three people across the street, a fight began.  Appellant fought with someone wearing a blue backpack.  He denied taking anyone's bicycle.

B.  *Defense Evidence*

Appellant presented no evidence.

## DISCUSSION

After an examination of the record, appellant's court-appointed counsel filed an opening brief raising no issues and requesting this court to review the record independently pursuant to *Wende*.  In addition, counsel advised appellant of his right to submit by supplemental brief any contentions or argument he wished the court to consider.  Appellant has neither presented a brief nor identified any potential issues.  Our examination of the entire record establishes that no arguable issues exist.  (*Wende*, *supra*, 25 Cal.3d at p. 441.)

---

[1]     *Miranda v. Arizona* (1966) 384 U.S. 436.

## DISPOSITION

The judgment is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MANELLA, J.

We concur:

EPSTEIN, P. J.

WILLHITE, J.